[Civ. No. 20180. Second Dist., Div. One. Feb. 21, 1955.]

A. BRUCE McDONALD, Respondent, v. D. FRASER McDONALD, Appellant.

Leonard J. Meyberg, C. Thomas Fizzolio and Coit I. Hughes for Appellant.

John B. Watts for Respondent.

DORAN, J.—This is an appeal from the judgment.

The plaintiff and defendant are brothers. Plaintiff worked as business or office manager for several years from 1946 to February 11, 1949. The action herein was filed March, 1950.

The action is for money due for services rendered. The complaint, which alleges eight causes of action, prays for $6,700. The judgment is for $4,863.68 and $789.30 costs.

Appellant's cross-complaint was, in effect, merely a counterclaim.

It is contended by appellant that,

"I. The trial court erroneously found defendant became indebted to plaintiff on a mutual open and current account for work, labor and services rendered by deducting from said indebtedness the amount found to be due defendant on his cross-complaint for misappropriation by plaintiff of cross-complainant's funds, to support plaintiff's FOURTH cause of action for a balance alleged to have accrued on an open mutual and current book account for services rendered.

"(a) Can misappropriation of funds alone be a sufficient demand for the establishment of any agreement or expression of mutuality necessary for a mutual open and current book account and/or any other mutual open and current account?

"II. Can plaintiff recover on his FOURTH cause of action for a balance due on a mutual open and current book account, for work, labor and services rendered, without a Finding or evidence to support a Finding that a book account or record existed containing entries for work, labor or services accrued or unpaid?

"(a) Can plaintiff after preparing in his own handwriting checks plaintiff drew on defendant's bank account, whereon plaintiff wrote 'Compensation to 1/15/49'; 'Compensation to 1/31/49'; and 'Compensation to 2/15/49,' after which his services were terminated, thereafter and without prior demand therefor, recover against defendant for additional salary and wages from 1946 to February 11, 1949 on a mutual open and current account in view of his testimony in this case?

"III. Can plaintiff recover for salary and wages for the years 1946 and 1947 whether on an 'open, mutual and current,' or otherwise, where, in an affidavit for a subpoena *duces tecum* to obtain and produce at the trial, books of appellant, respondent's attorney of record stated: 'Plaintiff concedes that the recovery of salary or wages for the years 1946 and 1947 is not involved in this trial'?

"IV. The court erred in failing to give Judgment for cross-complainant on his cross-complaint which alleged misapplication and misappropriation of his funds after finding that cross-defendant (plaintiff-respondent) was indebted to cross-complainant therefor.

"(a) Is cross-complainant entitled to costs, including ex-

pense of Referee, if he (appellant) recovers on his cross-complaint?

"V. Can plaintiff herein recover Judgment for the reasonable value of work, labor and services rendered (SECOND cause of action) to which the demurrer of defendant (appellant) was sustained on the grounds of the bar of the Statute of Limitations (C.C.P. Section 339(1) (without amending the same and after it was expressly withdrawn by plaintiff prior to the trial?"

As recited in respondent's brief, "Respondent admitted that he had no books containing an account, but contended that appellant was in possession of books which recorded a mutual, open and current account. That appellant produced records to substantiate his set-off was apparent from the referee's report, and respondent conceded it. The referee also found entries showing the amount paid respondent each year set up in an account labelled Business Management or Business Manager's Expenses. Counsel for both sides stipulated that the Referee's Report would be accepted and would constitute a finding of fact binding on both sides as to those items so stipulated, each side reserving certain items for the introduction of evidence and for testimony as to their truth or falsity; that the said report would serve to establish what the books, ledgers and oher records showed, without bearing on the veracity of entries. As the trial court has made its finding the appellant may not now be heard in derogation of his stipulation."

■ Appellant's contentions are highly technical. It would serve no useful purpose to detail the record with regard thereto. It is sufficient to note that careful review of the record reveals no errors of law. Actually the only question is one of fact. There is substantial evidence to support the findings; hence, as a matter of law, the judgment must be affirmed. It is so ordered. Appeal from order denying motion for new trial dismissed.

White, P. J., and Drapeau, J., concurred.

A petition for a rehearing was denied March 21, 1955, and appellant's petition for a hearing by the Supreme Court was denied April 20, 1955.